Filed 5/27/16  P. v. Rogers CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>CHRISTOPHER LEE ROGERS,<br><br>  Defendant and Appellant. | G052346<br><br>(Super. Ct. 12NF1269)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Edward W. Hall, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Leonard J. Klaif, by appointment of the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Christopher Lee Rogers arrives here after pleading to a series of felonies and misdemeanors and multiple violations of probation eventually ended in 16 months of incarceration in the Orange County jail.  That order also included a restitution order requiring him to pay $2,072.63 to an insurance company that paid the claim of a police officer for treatment of injuries Rogers inflicted on him.  Rogers appealed from the restitution order, and we appointed an experienced and accomplished appellate attorney to represent him on that appeal.

Counsel filed a brief which set forth the procedural facts of the case (the facts of the crimes themselves are irrelevant because the only available issue is the restitution hearing).  Counsel did not argue against his client, but advised us there were no issues to argue on his behalf.  Appellant was invited to express his own objections to the proceedings against him, but did not.  Under the law, this put the onus on us to review the record and see if *we* could find any issues that might result in some kind of amelioration of appellant's lot.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  It should be emphasized that our search was not for issues upon which appellant *would* prevail, but only issues upon which he *might possibly* prevail.

We have examined the record and found no arguable issue.  This is not surprising.  In fact, it is what we find in the vast majority of cases in which appellate counsel files a *Wende* brief.  Even the most cynical observer of the appellate system would have to recognize that appellate counsel has a financial incentive for finding issues.  The simple fact is that counsel makes more money if he/she finds an issue that is arguable than if he/she does not.  So while it sometimes happens that an appellate court will find issues after appellate counsel has thrown in the towel, it is unusual.

This case is not unusual – at least not in any way that would benefit appellant.  In fact, the procedural posture of the case limits us to one issue – was there error in the restitution order entered by the court?  Counsel could find none and neither can we.

"The scope of a criminal defendant's due process rights at a hearing to determine the amount of restitution is very limited[.]" (*People v. Cain* (2000) 82

Cal.App.4th 81, 86.) There is no Sixth Amendment right to confrontation in the sentencing process, and the court can consider hearsay, including the probation report. (*People v. Arbuckle* (1978) 22 Cal.3d 749.)

That's what was done here. The probation report was submitted to the court. The court considered documentation from the insurance company covering the police officer's injuries and the amounts paid for his treatment. The court considered those documents in arriving at its decision. All of that is not only legal, but completely routine. It suggests no issues to us, any more than it did to appellate counsel.

Appellate counsel went the extra mile and considered an argument that since appellant was no longer on probation at the time of the restitution hearing (it had been continued several times), the court had no jurisdiction to decide restitution. But this issue has been resolved against appellant in *People v. Ford* (2015) 61 Cal.4th 282, on remarkably similar facts.

We have looked in vain for other infirmities in the restitution order challenged here. We have concluded we cannot disagree with appellate counsel that there is no arguable issue here. The judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


ARONSON, J.


3