Filed 8/28/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM MICHAEL VIGIL,<br><br>    Defendant and Appellant. | F085762<br><br>(Super. Ct. No. VCF039898-97)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tulare County. Melinda Myrle Reed, Judge.

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Chung Mi Choi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant William Michael Vigil, whose judgment has long been final and who remains incarcerated, appeals from the denial of his motion for relief under Penal Code section 745[1] of the California Racial Justice Act of 2020 (Racial Justice Act or RJA).[2] As explained herein, we conclude that under the RJA's phased-in retroactivity provisions, defendant's motion was prematurely filed. (§ 745, subd. (j)(5).) Therefore, the trial court lacked fundamental jurisdiction to consider the motion and its order is void. (*People v. Ford* (2015) 61 Cal.4th 282, 286.) Accordingly, we vacate the order and dismiss the appeal.

## PROCEDURAL BACKGROUND

In 1997, defendant was convicted by jury of second degree murder with an enhancement for personal use of a firearm. (§§ 187/189, subd. (b), 12022.5, former subd. (a)(1).) In 1998, he was sentenced to 15 years to life for murder with an additional upper term of 10 years for the firearm enhancement.[3]

In January 2020, defendant filed a petition seeking relief from his murder conviction under former section 1170.95.[4] The trial court summarily denied the petition after reviewing the jury instructions.

In January 2023, defendant filed a motion for relief, appointment of counsel and discovery under section 745 of the RJA. In the motion, defendant cited *People v. Garcia* (2022) 85 Cal.App.5th 290, and stated he is Hispanic and serving a term that includes a sentence enhancement. The trial court summarily denied the motion and requests on the grounds that defendant failed to correctly serve the district attorney's office and failed to state a violation of the RJA.

---

[1]  All further statutory references are to the Penal Code unless otherwise stated.

[2]  Assembly Bill No. 2542 (2019–2020 Reg. Sess.) (Assembly Bill 2542).

[3]  Remittitur issued in *People v. Vigil* (June 4, 1999, F030248) (nonpub. opn.) in August 1999. (Evid. Code, §§ 452, subd. (d), 459.)

[4]  Former section 1170.95 was renumbered to section 1172.6, effective June 30, 2022. (Assem. Bill No. 200 (2021–2022 Reg. Sess.).)

Defendant timely appealed.  He argues that the trial court erred in denying his motion because he made a prima facie showing of a violation under section 745, subdivision (a).  (§ 745, subd. (c).)  He also argues that section 745, subdivision (c), which conditions entitlement to a hearing on making a prima facie showing while section 1473.7, subdivision (d), entitles out-of-custody movants to a hearing without condition, violates his federal and state rights to equal protection under the law.

In response, the People contend that the trial court lacked jurisdiction to consider defendant's section 745 motion and, therefore, this court should dismiss the appeal. Alternatively, the People contend it was not error to deny the motion and section 745, subdivision (c), does not violate equal protection.

In reply, defendant argues that this court already issued an order finding the trial court's order appealable and his motion is authorized under section 745, subdivision (b).

As discussed herein, when first enacted by Assembly Bill No. 2542, section 745, by express terms, applied prospectively to nonfinal judgments.  (§ 745, former subd. (j).) Two years later, the statute was amended to provide expressly for retroactive application in phases,[5] and defendant falls within the last phase of eligibility for relief, commencing January 1, 2026.  (§ 745, subd. (j)(5).)  As such, defendant's 2023 motion was filed prematurely, the trial court lacked jurisdiction to consider it, and the order denying the motion is null and void.

## DISCUSSION

### I.    Racial Justice Act

#### A.    Summary

In 2020, the California Legislature enacted the Racial Justice Act through the passage of Assembly Bill 2542, which amended sections 1473 and 1473.7 and added section 745, effective January 1, 2021.  (Stats. 2020, ch. 317, §§ 3–5.)  As this court

---

[5]    Assembly Bill No. 256 (2021–2022 Reg. Sess.) (Assembly Bill 256), effective January 3, 2023.

recently summarized in *People v. Singh* (2024) 103 Cal.App.5th 76 (*Singh*), the Racial Justice Act's "declared intent is 'to eliminate racial bias from California's criminal justice system because racism in any form or amount, at any stage of a criminal trial, is intolerable, inimical to a fair criminal justice system, is a miscarriage of justice under Article VI of the California Constitution, and violates the laws and Constitution of the State of California. Implicit bias, although often unintentional and unconscious, may inject racism and unfairness into proceedings similar to intentional bias.' (Stats. 2020, ch. 317, § 2, subd. (i).). The Legislature expressed its intent not to punish implicit bias, 'but rather to remedy the harm to the defendant's case and to the integrity of the judicial system,' 'to ensure that race plays no role at all in seeking or obtaining convictions or in sentencing,' and 'to reject the conclusion that racial disparities within our criminal justice [system] are inevitable, and to actively work to eradicate them.' (*Ibid.*)

"To that end, the Racial Justice Act provides, in relevant part, 'The state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin. A violation is established if the defendant proves, by a preponderance of evidence, any of the following: [¶] (1) The judge, an attorney in the case, a law enforcement officer involved in the case, an expert witness, or juror exhibited bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin. [¶] (2) During the defendant's trial, in court and during the proceedings, the judge, an attorney in the case, a law enforcement officer involved in the case, an expert witness, or juror, used racially discriminatory language about the defendant's race, ethnicity, or national origin, or otherwise exhibited bias or animus towards the defendant because of the defendant's race, ethnicity, or national origin, whether or not purposeful….'"" (*Singh, supra*, 103 Cal.App.5th at p. 109, quoting § 745, subd. (a)(1)–(2).)

At the time defendant filed his motion, section 745, subdivision (b), provided, "A defendant may file a motion in the trial court or, if judgment has been imposed, may file a

petition for writ of habeas corpus or a motion under Section 1473.7 in a court of competent jurisdiction, alleging a violation of subdivision (a).  If the motion is based in whole or in part on conduct or statements by the judge, the judge shall disqualify themselves from any further proceedings under this section." (*Id.*, former subd. (b).)[6] Relevant to defendant's claim of error by the trial court, section 745, subdivision (c), provides, "If a motion is filed in the trial court and the defendant makes a prima facie showing of a violation of subdivision (a), the trial court shall hold a hearing.…"

B. **Availability of Retroactive Relief Under Racial Justice Act**

As originally enacted, section 745 expressly applied to cases where judgment was entered on or after January 1, 2021, the effective date of the RJA.[7]  (§ 745, former subd. (j); *People v. Lashon* (2024) 98 Cal.App.5th 804, 810 (*Lashon*); see *People v. Garcia, supra*, 85 Cal.App.5th at p. 298; see also *People v. Thompson* (2022) 83 Cal.App.5th 69, 95, fn. 6.)  Subsequently, effective January 1, 2023, the Legislature amended section 745 to provide for retroactive application in all cases where judgment was entered prior to January 1, 2021, in phases.  (§ 745, subd. (j); *Lashon, supra*, at p. 810.)  Subdivision (j) of section 745 now provides:

"(j) This section applies as follows:

"(1) To all cases in which judgment is not final.

---

[6] As amended by Assembly Bill No. 1118 (2023–2024 Reg. Sess.), effective January 1, 2024, subdivision (b) of section 745 now provides, "A defendant may file a motion pursuant to this section, or a petition for writ of habeas corpus or a motion under Section 1473.7, in a court of competent jurisdiction, alleging a violation of subdivision (a).  For claims based on the trial record, a defendant may raise a claim alleging a violation of subdivision (a) on direct appeal from the conviction or sentence.  The defendant may also move to stay the appeal and request remand to the superior court to file a motion pursuant to this section.  If the motion is based in whole or in part on conduct or statements by the judge, the judge shall disqualify themselves from any further proceedings under this section."

[7] "This section applies only prospectively in cases in which judgment has not been entered prior to January 1, 2021."  (§ 745, former subd. (j).)

"(2)   Commencing January 1, 2023, to all cases in which, at the time of the filing of a petition pursuant to subdivision (f) of Section 1473 raising a claim under this section, the petitioner is sentenced to death or to cases in which the motion is filed pursuant to Section 1473.7 because of actual or potential immigration consequences related to the conviction or sentence, regardless of when the judgment or disposition became final.

"(3)   Commencing January 1, 2024, to all cases in which, at the time of the filing of a petition pursuant to subdivision (f) of Section 1473 raising a claim under this section, the petitioner is currently serving a sentence in the state prison or in a county jail pursuant to subdivision (h) of Section 1170, or committed to the Division of Juvenile Justice for a juvenile disposition, regardless of when the judgment or disposition became final.

"(4)   Commencing January 1, 2025, to all cases filed pursuant to Section 1473.7 or subdivision (f) of Section 1473 in which judgment became final for a felony conviction or juvenile disposition that resulted in a commitment to the Division of Juvenile Justice on or after January 1, 2015.

"(5)   Commencing January 1, 2026, to all cases filed pursuant to Section 1473.7 or subdivision (f) of Section 1473 in which judgment was for a felony conviction or juvenile disposition that resulted in a commitment to the Division of Juvenile Justice, regardless of when the judgment or disposition became final."

## II.   Jurisdictional Requirement

"In a system of separated powers, courts observe jurisdictional limits and focus scarce judicial resources on deciding cases within the scope of their authority." (*People v. Chavez* (2018) 4 Cal.5th 771, 779 (*Chavez*).)  "A court lacks jurisdiction in a fundamental sense when it has no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case. (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288.)  If a court lacks such '"fundamental"' jurisdiction, its ruling is void." (*People v. Ford, supra*, 61 Cal.4th at p. 286, citing *People v. Lara* (2010) 48 Cal.4th 216, 225; accord, *Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 807 (*Quigley*); *Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339 (*Kabran*).)  "'[F]undamental jurisdiction cannot be conferred by waiver, estoppel, or

6.

consent.'" (*Lara, supra*, at p. 225; *Quigley, supra*, at p. 807; *Kabran, supra*, at p. 339.)[8] It is well settled that we must consider the issue of jurisdiction, even if it was overlooked by the trial court and the parties below. (*People v. Hoyt* (2020) 8 Cal.5th 892, 911; accord, *Ford, supra*, at p. 286; *Lara, supra*, at p. 225; *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126–127.)

"As a general rule of common law, the sentencing court loses jurisdiction to vacate or modify the judgment in a criminal case after the defendant has started to serve the sentence." (*People v. Williams* (2021) 65 Cal.App.5th 828, 832; accord, *People v. Mayberry* (2024) 102 Cal.App.5th 665, 672, review granted Aug. 14, 2024, S285853; *People v. Gray* (2024) 101 Cal.App.5th 148, 164; *People v. Cota* (2023) 97 Cal.App.5th 318, 329; *People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*).) However, the Legislature has created statutory exceptions to this rule, which now include the RJA. (See also *Mayberry, supra*, at p. 672 [§ 1172.75]; *Cota, supra*, at p. 329, citing §§ 1170.18, 1170.126, 1172.1, 1172.6.)[9] As explained below, we conclude the trial court lacked jurisdiction over defendant's section 745 motion.

---

[8]      In contrast, "'Even when a court has fundamental jurisdiction, … the Constitution, a statute, or relevant case law may constrain the court to act only in a particular manner, or subject to certain limitations.' [Citation.] We have described courts that violate procedural requirements, order relief that is unauthorized by statute or common law, or otherwise '"fail[] to conduct [themselves] in the manner prescribed"' by law as acting '"in *excess* of jurisdiction."' [Citation.] Because a court that acts in excess of jurisdiction still has 'jurisdiction over the subject matter and the parties in the fundamental sense' [citation], any such act is 'valid until set aside, and parties may be precluded from setting it aside by such things as waiver, estoppel, or the passage of time' [citation]." (*Kabran, supra*, 2 Cal.5th at pp. 339–340; accord, *Quigley, supra*, 7 Cal.5th at p. 807; *Chavez, supra*, 4 Cal.5th at p. 780.)

[9]      Additionally, "[i]f a modification does not make a substantive change to a sentence but simply corrects a clerical error, the trial court has the inherent power to correct its own records at any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) And a trial court may of course rule on a defendant's challenge to an unlawful sentence in a properly filed petition for a writ of habeas corpus. (See, e.g., *In re Harris* (1993) 5 Cal.4th 813, 823, 838–839 [writ of habeas corpus available to review claim that a sentence imposed is illegal or longer than that permitted by law].)" (*King, supra*, 77 Cal.App.5th at p. 637.)

### III.    Analysis

#### A.    Prior Administrative Order

As an initial matter, the parties treat this court's prior administrative order as relevant to the underlying issue of the trial court's fundamental jurisdiction to rule on defendant's motion.  To that end, the People request that we reconsider our order and defendant takes the position that we resolved the issue in his favor.

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute."  (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.)  Therefore, after the appeal was filed in this case, we issued an order notifying defendant we were considering dismissing the appeal as taken from a nonappealable order.  Defendant responded and we thereafter issued an order concluding that an order denying a motion under section 1473.7 seeking relief under the provisions of section 745 is "an order after judgment affecting the substantial rights of a party."  (§ 1473.7, subd. (f).)  Our preliminary order finding a basis for appellate jurisdiction, however, did not undertake to analyze whether the trial court had jurisdiction to address the motion in the first instance and on what statutory basis.  Resolution of those issues is more complex and not suitable for administrative resolution.  Therefore, we reject the parties' characterization of the order as dispositive of the jurisdictional matter in this case.

#### B.    Section 1473.7 Inapplicable

We first address section 1473.7, which provides a limited avenue of relief from a conviction or sentence available to those no longer in criminal custody.  (*Id.*, subd. (a).)  Although defendant did not bring a motion under section 1473.7 in the trial court, the statute was cited by this court in its administrative order and the statute is discussed by both parties on appeal.

Those convicted of crimes but no longer incarcerated or restrained are generally ineligible for habeas relief.  (*People v. Villa* (2009) 45 Cal.4th 1063, 1068–1069; accord,

*In re Cook* (2019) 7 Cal.5th 439, 452; see *People v. Kim* (2009) 45 Cal.4th 1078, 1107–1108 [discussing unavailability of writ of coram nobis and of habeas for federal detainee].) To remedy the unavailability of relief in certain circumstances, section 1473.7 was added to the Penal Code, effective January 1, 2017, to allow such persons to file a motion to vacate their conviction or sentence "due to a prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere" or due to "[n]ewly discovered evidence of actual innocence …." (*Id.*, former subd. (a)(1), (2) [statute added by Assem. Bill No. 813 (2015–2016 Reg. Sess.), § 1].) The statute provided for appealability, as well, stating, "An order granting or denying the motion is appealable under subdivision (b) of Section 1237 as an order after judgment affecting the substantial rights of a party." (§ 1473.7, subd. (f).) Relevant here, the RJA amended the statute, effective January 1, 2021, to include a conviction or sentence obtained in violation of section 745, subdivision (a). (§ 1473.7, subd. (a)(3) [added by Assem. Bill 2542, § 5].)[10]

As stated, defendant did not seek relief in the trial court under section 1473.7 and he does not claim otherwise on appeal, although he contends that if this court construes his motion as brought pursuant to section 1473.7, the statute provides for a right to appeal. Defendant is still serving his sentence for murder and, under the plain and unambiguous terms of the statute, he is not eligible to seek relief via a section 1473.3 motion.[11] (*People v. Reynoza* (2024) 15 Cal.5th 982, 989–990 (*Reynoza*) [courts must generally follow plain meaning].)

---

[10] The other two amendments to the statute are not relevant to the issue in this appeal. (Assem. Bill No. 2867 (2017–2018 Reg. Sess.), eff. Jan. 1, 2019; Assem. Bill No. 1259 (2021–2022 Reg. Sess.), eff. Jan. 1, 2022.)

[11] The principles governing statutory interpretation are well established. "'Our fundamental task is to determine the Legislature's intent to effectuate the law's purpose, giving the statutory language its plain and commonsense meaning. We examine that language, not in isolation, but in the context of the statutory framework as a whole to discern its scope and purpose and to

### C. Trial Court's Order Denying Section 745 Motion Void for Lack of Jurisdiction

Both parties focus on subdivision (b) of section 745, at the expense of subdivision (j), which the Legislature added specifically to provide for retroactive relief in phases. (Legis. Counsel's Dig., Assem. Bill No. 256 (2021–2022 Reg. Sess.) Stats. 2022, ch. 739, Summary Dig. ["[t]his bill would additionally authorize that petition to be filed for cases in which a judgment was entered as final prior to January 1, 2021, as specified"]; Sen. Com. on Approp., com. on Assem. Bill No. 256 (2021–2022 Reg. Sess.) as amended Aug. 11, 2022 [providing for retroactive application in four phases]; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 256 (2021–2022 Reg. Sess.) as amended Aug. 24, 2022 [final version]; *Lashon, supra*, 98 Cal.App.5th p. 810.) As previously stated, section 745, subdivision (b) provides, in relevant part, "*A defendant may file a motion pursuant to this section*, or a petition for writ of habeas corpus or a motion under Section 1473.7, in a court of competent jurisdiction, *alleging a violation of subdivision (a)*." (Italics added.) However, as originally enacted by Assembly Bill 2542, section 745 of the RJA applied prospectively in cases where judgment was entered on or after January 1, 2021, the effective date of the statute. (§ 745, former subd. (j); Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2542 (2021–2022 Reg. Sess.) as amended Aug. 25, 2020, p. 4, par. 2; *Lashon, supra*, at p. 810.) Similarly, while the RJA expanded the availability of habeas relief, it, too, was limited, originally providing, "Notwithstanding

---

harmonize the various parts of the enactment. [Citation.] "If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." [Citation.] The wider historical circumstances of a law's enactment may assist in ascertaining legislative intent, supplying context for otherwise ambiguous language.' (*Busker v. Wabtec Corp.* (2021) 11 Cal.5th 1147, 1157–1158.) 'Generally, we consult extrinsic sources, like a statute's history, to interpret a statute only when its language is ambiguous[, however].' (*People v. Tran* (2022) 13 Cal.5th 1169, 1220.)" (*People v. Prudholme* (2023) 14 Cal.5th 961, 975–976; accord, *People v. Valencia* (2017) 3 Cal.5th 347, 357–358.)

any other law, a writ of habeas corpus may also be prosecuted after judgment has been entered based on evidence that a criminal conviction or sentence was sought, obtained, or imposed in violation of subdivision (a) of Section 745 *if judgment was entered on or after January 1, 2021….*" (§ 1473, former subd. (f), italics added.)[12]

Effective January 1, 2023, subdivision (j), now provides that section 745 applies "[t]o all cases in which judgment is *not* final" and, in four phases as specified, to all cases in which judgment or disposition *is* final. (*Id.*, subd. (j)(1–5), italics added; see *People v. Stamps* (2020) 9 Cal.5th 685, 698–699, quoting *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 287 ["'It is well settled that a new statute is presumed to operate prospectively absent an express declaration of retrospectivity or a clear indication that the electorate, or the Legislature, intended otherwise.'"].) Section 1473, former subdivision (f), in turn, was amended, in relevant part, to eliminate the restriction to judgments entered on or after January 1, 2021.[13] Although the parties do not address subdivision (j) of section

---

[12]     Subdivision (f) of section 1473 was renumbered to subdivision (e), effective January 1, 2024. (Sen. Bill No. 97 (2023–2024 Reg. Sess.).)

[13]     Section 1473, former subdivision (e), now subdivision (f), provides, "Notwithstanding any other law, a writ of habeas corpus may also be prosecuted after judgment has been entered based on evidence that a criminal conviction or sentence was sought, obtained, or imposed in violation of subdivision (a) of Section 745, *if that section applies based on the date of judgment as provided in subdivision (k) of Section 745….*" (Italics added.) Defendant did not file a habeas petition and we are not called upon to resolve the issue in this case, but we note that the reference to subdivision (k) of section 745 appears to be a drafting error. (See *Reynoza, supra*, 15 Cal.5th at p. 991 [although "'an exceptional rule of construction[,]'" drafting error may be corrected "where 'it appears clear that a word has been erroneously used, and a judicial correction will best carry out the intent of the adopting body'"].) During the 2021–2022 legislative session, Assembly Bill 256 focused on retroactive application of the RJA in sections 745 and 1473, and in section 1473, former subdivision (f), the bill referred to subdivision (j) of section 745. During the same legislative session, Senate Bill No. 467 (2021–2022 Reg. Sess.), which referred, within section 1473, former subdivision (f), to subdivision (k) of section 745, focused on amending section 1473 to "allow a person to prosecute a writ of habeas corpus if a significant dispute has emerged or further developed in the petitioner's favor regarding expert medical, scientific, or forensic testimony that was introduced at trial and contributed to the conviction, such that it would have more likely than not changed the outcome at trial, as specified," and to "expand the definition of false evidence to include the opinions of experts that are undermined by the state of scientific knowledge." (Legis. Counsel's Dig., Sen. Bill No. 467 (2021–2022 Reg. Sess.) Stats. 2022, ch. 982, Summary Dig.) There is no indication in the legislative history of Senate Bill

745, the provisions for retroactive application are not only express but it is well established that where, as here, "'""the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.'"""" (*Reynoza, supra*, 15 Cal.5th at p. 989.) Moreover, "'It is a settled principle of statutory construction that courts should "strive to give meaning to every word in a statute and to avoid constructions that render words, phrases, or clauses superfluous,"'" and "'[w]e harmonize statutory provisions, if possible, giving each provision full effect.'" (*People v. Schulz* (2021) 66 Cal.App.5th 887, 897, quoting *In re C.H.* (2011) 53 Cal.4th 94, 103 & citing *People v. Leiva* (2013) 56 Cal.4th 498, 506.) Disregarding subdivision (j) of section 745 ignores its plain language and the legislative history, and it would read the phased-in retroactivity provisions out of the statute entirely.[14]

Defendant's judgment became final in 1999 and he is not sentenced to death or challenging immigration consequences.[15] (§ 745, subd. (j)(1)–(2).) Therefore, he does not fall within the first phase of retroactive application, effective January 1, 2023. (*Id.*, subd. (j)(2).) He was also not sentenced to prison "pursuant to subdivision (h) of Section 1170, or committed to the Division of Juvenile Justice for a juvenile disposition" (*id.*, subd. (j)(3)), and his judgment was not final on or after January 1, 2015 (*id.*, subd. (j)(4)). Instead, defendant's conviction falls within the last category of retroactivity, applicable to all felony convictions regardless of when judgment was final.

---

No. 467, which was chaptered last and is, therefore, operative with respect to section 1473, that the reference to subdivision (k) rather than subdivision (j) in section 745 was intentional. Notably, in a bill that is now enrolled, the Legislature amended the reference in section 1473, former subdivision (f), now subdivision (e), from subdivision (k) to subdivision (j) of section 745. (Senate Bill No. 1518 (2023–2024 (Reg. Sess.) § 8.)

[14]   Although the decision is not yet final, the California Supreme Court recently recognized that the RJA applied prospectively when originally enacted, but Assembly Bill 256 expanded the statute to include additional, date-based case categories. (*People v. Wilson* (Aug. 5, 2024, S118775) __ Cal.5th __, __ [2024 Cal. Lexis 4238, *117–118 & fn. 13].)

[15]   The probation report reflects that defendant is a United States citizen, born in California.

(*Id.*, subd. (j)(5).)  Under this provision, commencing January 1, 2026, defendant may seek relief under section 745 vis-à-vis a habeas petition under section 1473 if imprisoned or restrained or a motion under section 1473.7 if no longer in criminal custody.

Because the trial court lacked jurisdiction to consider defendant's prematurely filed section 745 motion, its order denying the motion is void.  Therefore, we shall vacate the order and dismiss the appeal.

## DISPOSITION

The trial court's order filed January 25, 2023, denying defendant's petition and request for appointment of counsel is vacated for lack of jurisdiction, and this appeal is dismissed.


MEEHAN, J.

WE CONCUR:


HILL, P. J.


SNAUFFER, J.

13.