Filed 2/17/16  P. v. Juan CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL A. JUAN,<br><br>    Defendant and Appellant. | B266707<br><br>Los Angeles County<br>Super. Ct. No.  LA081324 |

APPEAL from a post-judgment order of the Superior Court of Los Angeles County, Alan K. Schneider, Judge.  Affirmed.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Manuel Juan pled no contest to one count of taking or driving a vehicle without the owner's permission. On appeal, he challenges only the trial court's post-judgment victim restitution order. We affirm.

## PROCEDURAL BACKGROUND

By felony complaint filed on July 6, 2015, defendant was charged with one count of driving or taking a vehicle—a 1995 Chevrolet Astro van—without the owner's consent (Veh. Code, § 10851, subd. (a); count 1), two strike priors (Pen. Code,[1] § 667, subds. (b)-(i); § 1170.12, subds. (a)–(d)), and one prison prior (§ 667.5, subd. (b)). Defendant waived arraignment on the complaint, pled not guilty, and denied the allegations. On July 17, 2015, in a negotiated disposition, defendant pled no contest to count 1 and admitted one strike prior.

On July 21, 2015, the court sentenced defendant to 32 months in state prison. The court selected count 1 (Veh. Code, § 10851, subd. (a)) as the base term, and sentenced defendant to 32 months (the low term of 16 months, doubled for the prior strike). The court also ordered defendant to pay victim restitution under section 1202.4, subdivision (f) in an amount to be determined at a later hearing. (See § 1202.46 ["when the economic losses of a victim cannot be ascertained at the time of sentencing . . . , the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined."].) The court dismissed the remaining allegations. On August 24, 2015, after a contested hearing, the court ordered defendant to pay $4,379 in victim restitution.

Defendant filed a timely notice of appeal from the post-judgment restitution order, and we appointed counsel to represent him. Defendant does not challenge his underlying conviction or the court's authority to impose victim restitution. The order is appealable because it was made after judgment and affected defendant's substantial rights. (§ 1202.4, subd. (f); § 1237, subd. (b); *People v. Ford* (2015) 61 Cal.4th 282, 286.)

---

[1] All undesignated statutory references are to the Penal Code.

2

## FACTUAL BACKGROUND

At a post-judgment victim restitution hearing, Lauras Garcia sought a restitution award of $4,779 for the value of tools in the van defendant took or drove. The defense disputed the value of the lost property and whether defendant was responsible for any losses.

Garcia testified she was the co-owner of the van defendant took or drove; her ex-boyfriend, Jose Hernandez, was the sole registered owner. Although Garcia bought the van from Hernandez in 2003 on an installment plan, she could not change vehicle's title until she finished paying for it. After the van was taken, Hernandez transferred ownership to Garcia, and Garcia registered it in her name alone. The court found Garcia's testimony credible on the issue of ownership, and found she had owned and driven the van for the previous ten years.

When the van was taken, it contained tools Garcia used to remodel apartments. When the police recovered it, many of the tools were gone. Garcia made a list of the missing tools, and submitted it to the court as exhibit 1. She testified that she had purchased the tools at a swap meet. Though the receipts for the tools were in the van, Garcia did not provide them to the court; instead, she estimated the tools were worth $4,779. Garcia also testified that the van's engine no longer worked, but she had not obtained a repair estimate. Defense counsel objected that Garcia was not the registered owner when the van was taken, and the prosecution had not provided sufficient proof of the tools' existence or value. In response, Garcia showed the court a mobile phone photo of a van with tools inside; the photo depicted the van before it was stolen. The court again found Garcia credible on the issue of ownership, and denied the defense request to continue the hearing to obtain the missing receipts.

The arresting officers in the case, Jesse Alcantar and Andrew Hacoupian, testified for the defense. Hacoupian was present when defendant was arrested. At that point, the van contained miscellaneous hand tools, including a leaf blower. Hacoupian did not remove anything from the van before having it towed. Alcantar was present when the

3

van was inspected at the tow yard; he did not recall seeing anything that would indicate the van was being used for repairs.

In addition to disputing the value of the missing property, defense counsel argued there was no proof defendant took the van; the evidence established only that he possessed it at a later date. Therefore, the defense contended the People had not proven defendant was responsible for Garcia's losses. The court conceded there was no evidence defendant took the van, but held the losses were "reasonably related to the circumstances of the crime for which [defendant] was convicted. Driving somebody else's car puts you in possession of items that were in the vehicle circumstantially, and the fact those items are not there [is] reasonably related to the unlawful driving of a motor vehicle on July 1 that was stolen [on June 27]."

After reviewing the list of tools and their estimated values, the court awarded Garcia $4,379—$400 less than she had requested because some estimated values appeared too high.

## DISCUSSION

On December 9, 2015, defendant's appellate counsel filed a brief in which he raised no issues and asked us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) Later that day, we notified defendant that his counsel had failed to find any arguable issues and that he had 30 days to submit by brief or letter any arguments he wished this court to consider. We have not received a response.

We have examined the entire record, and are satisfied appellate counsel has fully complied with his responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *People v. Wende*, *supra*, 25 Cal.3d at p. 443.)

**DISPOSITION**

The post-judgment order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

JONES, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.