Filed 9/24/24  P. v. Woodward CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> JOHNIE MONROE WOODWARD, JR., <br><br>     Defendant and Appellant. | A167546 <br><br><br> (Contra Costa County <br> Super. Ct. No. 05008913386) |

Johnie Monroe Woodward, Jr. appeals from a February 2023 resentencing hearing at which the trial court struck an enhancement under Penal Code section 1172.75[1] and stayed two firearm enhancements.

We conclude the trial court lacked jurisdiction to adjudicate Woodward's motion for resentencing under section 1172.75.  Accordingly, we dismiss the appeal and vacate the resentencing order.

### BACKGROUND

In March 1990, Woodward was sentenced to 24 years eight months to life in prison after a jury convicted him of second degree murder (§ 187) and

---

[1] All undesignated statutory references are to the Penal Code.

other offenses. Woodward's sentence included two firearm enhancements (§ 12022.5) and a one-year enhancement for a prior prison term (§ 667.5, subd. (b)).

In June 2022, Woodward filed a petition to recall and resentence under former section 1171.1 (now § 1172.75).[2] Before the hearing on his petition, Woodward filed a motion for a full resentencing, contending his one-year prior prison term enhancement had become invalid under section 1172.75. He requested the trial court strike the prior prison term enhancement, impose the middle term for his aggravated assault conviction, and strike the two firearm enhancements.

In February 2023, pursuant to section 1172.75, the trial court struck the prior prison term enhancement and imposed the requested middle term for the aggravated assault conviction but stayed the firearm enhancements.

Woodward appealed. We requested supplemental briefing to address whether the trial court had jurisdiction to resentence Woodward under section 1172.75 in the first instance, given the request for relief was initiated by Woodward's own motion for resentencing.

## DISCUSSION

Woodward asserts the trial court had no authority to stay the firearm enhancements. We do not address this contention because we determine the court lacked authority to provide *any* resentencing relief under section 1172.75.

Section 1172.75, subdivision (a) provides in relevant part that any sentence enhancement imposed under section 667.5, subdivision (b) before

---

[2] In June 2022, section 1171.1 was renumbered as section 1172.75 without substantive changes. (Stats. 2022, ch. 58, § 12.) We refer to this statute by its current designation.

January 1, 2020, except for an enhancement imposed for a prior conviction for a sexually violent offense, is legally invalid; it also establishes a specific "mechanism to provide affected defendants a remedy for those legally invalid enhancements." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*).) Section 1172.75, subdivision (b) directs the Secretary of the California Department of Corrections and Rehabilitation (CDCR) and the county correctional administrator to, within statutorily prescribed timelines, identify persons in their custody who are serving a term of judgment that includes an enhancement subject to the statute, and to "provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) "Upon receiving the information described in subdivision (b)," the court shall review the judgment and recall and resentence the defendant if it determines the judgment includes a sentence enhancement subject to section 1172.75. (§ 1172.75, subd. (c).)

In *Burgess*, our colleagues in Division Three held that "section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*Burgess*, *supra*, 86 Cal.App.5th at p. 384.) Rather, "any review and verification by the court in advance of resentencing is *only* triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant." (*Ibid.*, italics added.) As such, the *Burgess* court held that the trial court "lacked jurisdiction to adjudicate [defendant's] motion for resentencing." (*Id.* at p. 382.)

Other courts have taken the same view as *Burgess*. (See, e.g., *People v. Cota* (2023) 97 Cal.App.5th 318, 332 ["We begin by acknowledging that section 1172.75 does not authorize a defendant to seek resentencing on his or

her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation identifying a defendant as a person serving a sentence that includes a prior prison term enhancement"]; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 447-48 [same]; *People v. Newell* (2023) 93 Cal.App.5th 265, 268 [" '[S]ection 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion' "].)

Here, the record does not indicate the CDCR provided the trial court with any information required under section 1172.75, which would have triggered resentencing relief under that statute. Nor does Woodward point us to anything that indicates the CDCR was involved in the resentencing process. Rather, the record shows Woodward himself initiated the process for resentencing by first filing a petition and then a motion for recall and resentencing. This is not authorized under section 1172.75. (See *Burgess*, *supra*, 86 Cal.App.5th at p. 384; *People v. Cota*, *supra*, 97 Cal.App.5th at p. 332; *People v. Escobedo*, *supra*, 95 Cal.App.5th at p. 447–448; *People v. Newell*, *supra*, 93 Cal.App.5th at p. 268.)

Therefore, the trial court lacked fundamental jurisdiction and had no authority to adjudicate Woodward's motion for resentencing under section 1172.75. (See *Burgess*, *supra*, 86 Cal.App.5th at p. 382; see also *People v. Ford* (2015) 61 Cal.4th 282, 286 ["A court lacks jurisdiction in a fundamental sense when it has no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case"].) We therefore vacate the court's resentencing order as void.[3] (See *People v. Boyd* (2024) 103

---

[3] Nothing in our opinion should be construed as prohibiting Woodward from obtaining relief under section 1172.75 if he is properly identified by the CDCR as required by subdivision (b) of that statute, or from seeking relief by

Cal.App.5th 56, 71 [where a court lacks fundamental jurisdiction, its order is void and not simply voidable]; *Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 292 [courts have "inherent power to vacate void orders"].)

## DISPOSITION

The appeal is dismissed, and the trial court's February 28, 2023 order is vacated. The matter is remanded, and the court is directed to amend the abstract of judgment and forward a copy to the CDCR.

---

writ of habeas corpus if the CDCR failed to take action within the statutorily mandated timeline.

_____
DESAUTELS, J.

We concur:


_____
STEWART, P.J.


_____
MILLER, J.

*People v. Woodward* (A167546)