Filed 11/12/24  P. v. Hurtado CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD HURTADO,<br><br>    Defendant and Appellant. | F087630<br><br>(Super. Ct. No. VCF099625-02)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P. J., Meehan, J. and Snauffer, J.

Richard Hurtado was found guilty by jury in 2004 of child endangerment (Pen. Code, § 273a, subd. (a); count 1),[1] corporal injury to a spouse (§ 273.5, subd. (a); count 2), and making criminal threats (§ 422; count 3). In a bifurcated proceeding, the trial court found true that Hurtado had sustained a prior prison term (§ 667.5, subd. (b)), and a serious felony prior (§ 667, subd. (a)). Hurtado was sentenced to 31 years to life, consisting of three concurrent 25-year-to life terms pursuant to the "Three Strikes" law (§§ 1170.12, subd. (c), 667), plus, on count 3, an additional six years, consisting of five years for the serious felony prior and one year for the prison prior. One-year prison priors attached to counts 1 and 2 were stayed. On direct appeal, this court affirmed Hurtado's conviction. (*People v. Hurtado* (May 19, 2006, F047195) [nonpub. opn.].)

On March 1, 2022, Hurtado, in propria persona, filed a motion to be resentenced under Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483). On April 4, 2022, without appointing counsel and outside the presence of the parties, the trial court struck the prison prior enhancement by minute order from the judgment and filed an amended abstract of judgment.[2]

---

[1]     All further statutory references are to the Penal Code.

[2]     Hurtado did not appeal the trial court's April 4, 2022, order for reasons that are not clear in the record, but instead, on July 17, 2023, petitioned for a writ of habeas corpus to the California Supreme Court, challenging the ex parte order and arguing, in the alternative, that he was entitled to the constructive filing of a notice of appeal pursuant to *In re Benoit* (1973) 10 Cal.3d 72. His petition for writ of habeas corpus alleged the trial court erred when it resentenced him on April 4, 2022, by failing to appoint counsel for resentencing (§ 1172.75, subd. (d)(5)), failing to consider various postconviction factors when resentencing him (§ 1172.75, subd. (d)(3)), and by resentencing him without his personal presence (§ 1172.75, subd.(e)).

On December 13, 2023, the California Supreme Court granted an order to show cause returnable to the trial court, ordering the court to determine whether Hurtado should be granted an opportunity to appeal the court's order under the *Benoit* procedure. On February 13, 2024, the trial court granted the relief and ordered Hurtado to file a notice appeal within 60 days, which he has done.

On appeal, Hurtado contends the trial court's ex parte motion striking the prison prior enhancements without granting him a resentencing hearing pursuant to the plain language of section 1172.75 was improper, and asks that we remand for a resentencing hearing. Respondent contends the trial court was without jurisdiction to consider Hurtado's motion and, as a result, Hurtado's appeal must be dismissed as the order striking Hurtado's section 667.5, subdivision (b) enhancement is void. For reasons we explain below, we agree that the trial court lacked jurisdiction and the April 4, 2022, resentencing order is void. We will remand to the trial court to review the judgment and recall and resentence Hurtado pursuant to section 1172.75.

## DISCUSSION

**Section 1172.75**

Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (Former § 667.5, subd. (b).) Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Enhancements based on prior prison terms served for other offenses became legally invalid. (*Id*. at p. 682.) The amendment was to be applied retroactively to all cases not yet final on January 1, 2020. (*Id*. at pp. 681–682.)

Later, in 2021, the Legislature enacted Senate Bill 483. This bill sought to make the changes implemented by Senate Bill 136 retroactive. (Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply … Senate Bill 136 of the 2019–20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].) It took effect on January 1, 2022, and

3.

added former section 1171.1, now 1172.75 to the Penal Code.[3] (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

Section 1172.75, subdivision (a) provides, in relevant part, that any sentence enhancement imposed under section 667.5, subdivision (b) before January 1, 2020, except for an enhancement imposed for a prior conviction for a sexually violent offense, is legally invalid. The statute also establishes a specific "mechanism to provide affected defendants a remedy for those legally invalid enhancements." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*).)

The resentencing process begins with corrections officials. Section 1172.75, subdivision (b) directs the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the county correctional administrator to, within statutorily prescribed timelines, identify persons in their custody who are serving a term of judgment that includes an enhancement subject to the statute, and to "provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) "This information shall be provided as follows: [¶] (1) By March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement. For purposes of this paragraph, all other enhancements shall be considered to have been served first. [¶] (2) By July 1, 2022, for all other individuals." (§ 1172.75, subd. (b)(1)–(2).)

Senate Bill 483 provides a process for recall of sentences rendered invalid by Senate Bill 483 and resentencing of affected defendants. (§ 1172.75, subd. (c).) "Upon receiving the information described in subdivision (b)," the court shall review the judgment and recall and resentence the defendant if it determines the judgment includes a

---

[3] There were no substantive changes to the statute. We cite to section 1172.75 for ease of reference.

sentence enhancement subject to section 1172.75. (§ 1172.75, subd. (c).) Section 1172.75, subdivision (c) also provides a staggered timeline for when the review and resentencing of eligible defendants shall be completed: By October 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement (§ 1172.75, subd. (c)(1)), and by December 31, 2023, for all other individuals. (§ 1172.75, subd. (c)(2).)

Further, "[r]esentencing pursuant to [section 1172.75] shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court find by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) The court is to apply the current sentencing law, including all the recent ameliorative legislation. (§ 1172.75, subd. (d)(2).) The court may consider "postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated" and any circumstances which "have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

Section 1172.75, subdivision (d)(5) provides that the trial court shall appoint counsel and subdivision (e) provides that the parties may waive a resentencing hearing. If the hearing is not waived, it may be conducted remotely through remote technology if the defendant agrees.

**Hurtado's Section 1172.75 Petition and Proceedings**

Hurtado filed a motion, in propria persona, on March 1, 2022, stating he was subject to a prison prior enhancement and entitled to a new sentencing proceeding under section 1172.75. His petition included allegations that he had "done his base[] term and has done the time for the actual crime," he had done "over 30 self help courses … received his G.E.D. and is currently enrolled in college." The petition also alleged

5.

Hurtado was diagnosed with cancer in December 2021 and his "situation has become dire."

On April 4, 2022, the trial court, without appointing counsel and outside the presence of the parties, struck the prison prior enhancement by minute order from the judgment and filed an amended abstract of judgment.

Subsequently, on June 28, 2022, as evidenced in the filed augmented clerk's transcript, the CDCR identified Hurtado as potentially eligible for resentencing under section 1172.75.

**Subject Matter Jurisdiction Under Section 1172.75**

We first address respondent's contention that the trial court's order striking Hurtado's section 667.5, subdivision (b) enhancements is void for lack of jurisdiction. Hurtado contends, for the first time in his reply brief, that the fact that he was serving an invalid prison prior, alone, gave the trial court ongoing subject matter jurisdiction to resentence him on his own motion. We, however, agree with respondent that the trial court lacked jurisdiction and that the April 4, 2022, order is void.

In *Burgess*, the court held that section 1172.75 "simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*Burgess*, *supra*, 86 Cal.App.5th at p. 384.) Rather, "any review and verification by the court in advance of resentencing is *only* triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant." (*Ibid.*, italics added.) As such, *Burgess* held that the trial court "lacked jurisdiction to adjudicate [the defendant's] motion for resentencing .…" (*Id.* at p. 382.)

Other courts, including ours, have taken the same view as *Burgess*. (See., e.g., *People v. Cota* (2023) 97 Cal.App.5th 318, 332 (*Cota*) ["We begin by acknowledging that section 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement"];

6.

*People v. Escobedo* (2023) 95 Cal.App.5th 440, 447–448 [same]; *People v. Newell* (2023) 93 Cal.App.5th 265, 268 [" '[S]ection 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion' "].)

Here, the filed augmented clerk's transcript established that the CDCR identified Hurtado as potentially eligible for resentencing under section 1172.75 on June 28, 2022. However, Hurtado initiated the process for resentencing himself on March 1, 2022. This is not authorized under section 1172.75. (See *Burgess*, *supra*, 86 Cal.App.5th at p. 384; *Cota*, *supra*, 97 Cal.App.5th at p. 332; *People v. Escobedo*, *supra*, 95 Cal.App.5th at pp. 447–448; *People v. Newell*, *supra*, 93 Cal.App.5th at p. 268.)

Therefore, the trial court lacked fundamental jurisdiction and had no authority to adjudicate Hurtado's motion for resentencing under section 1172.75. (See *Burgess*, *supra*, 86 Cal.App.5th at p. 382; see also *People v. Ford* (2015) 61 Cal.4th 282, 286 ["A court lacks jurisdiction in a fundamental sense when it has no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case"].) We therefore vacate the court's resentencing order as void. (See *People v. Boyd* (2024) 103 Cal.App.5th 56, 71 [where a court lacks fundamental jurisdiction, its order is void and not simply voidable]; *Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 292 [courts have "inherent power to vacate void orders"].)

Hurtado argues the trial court had no lack of jurisdiction, citing this court's opinion in *Cota*, *supra*, 97 Cal.App.5th 318. However, *Cota* is distinguishable.

In *Cota*, the defendant, in propria persona, filed his petition for resentencing pursuant to Senate Bill 483 on April 19, 2022. At some point, counsel was appointed for the defendant, and the parties appeared before the court on May 19, 2022, and the matter was continued. By June 16, 2022, the CDCR had included the defendant on a list of persons identified as potentially eligible for resentencing pursuant to Senate Bill 483 and had made this list available to the trial court through a secure file transfer portal. The

parties appeared again on July 14, 2022, and the hearing was again continued.[4] On November 17, 2022, counsel for defendant filed a " 'Motion for Hearing on Resentencing and Sentencing Statement.' (Some capitalization omitted.)" Therein, the defendant argued the prior prison term enhancements were legally invalid and must be dismissed. He further argued he was entitled to a new sentencing hearing on other statutory grounds. The matter was heard on December 13, 2022. At the resentencing hearing, the trial court struck the prior prison term enhancements but denied the defendant's additional request to strike the prior serious felony enhancement. (*Cota*, *supra*, 97 Cal.App.5th at pp. 326–328.)

This court requested supplemental briefing in *Cota* on the question of whether the trial court had jurisdiction to adjudicate the defendant's request for resentencing inasmuch as section 1172.75 does not expressly provide for a petition or a motion process. The defendant in *Cota* contended the trial court's resentencing jurisdiction was triggered by the CDCR, which was required to submit information regarding the defendant's resentencing eligibility to the trial court by July 1, 2022, months before the court resentenced the defendant. The respondent countered that the trial court had no jurisdiction to consider a resentencing request brought by the defendant and the resulting order was therefore void. (*Cota*, *supra*, 97 Cal.App.5th at p. 328.)

We concluded in *Cota* that the trial court had jurisdiction to resentence the defendant pursuant to section 1172.75. We acknowledged that section 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition, but that the process is triggered by the CDCR identifying a defendant as a person serving a

---

[4]    The minute order for this date states arguments were presented and evidence submitted to the court for ruling, and the matter was taken under submission. But the reporter's transcript for that date reflects only that the following statement was made by the court, "[s]ame as Barboza, with the same scheduling dates." (*Cota*, *supra*, 97 Cal.App.5th at p. 326, fn. 3.)

sentence that includes a prior prison term enhancement. (See § 1172.75, subd. (a).) Since the defendant filed an unauthorized motion for resentencing, the motion was procedurally improper, and the trial court could have denied it on that basis. However, the court did not do so. Rather, the court took no immediate action on the defendant's motion. Eventually, during the pendency of the motion, the CDCR identified the defendant as an individual potentially eligible for resentencing. (See § 1172.75, subd. (a).) As such, we concluded that, when the CDCR provided this identification to the trial court, it triggered the court's review and resentencing obligations under section 1172.75, subdivision (b), thereby placing the matter within a statutorily authorized exception to the general rule that a trial court has no jurisdiction to modify a final judgment. Once the trial court received that identification information from the CDCR, it had authority over the matter and was statutorily authorized to act. (*Cota*, *supra*, 97 Cal.App.5th at pp. 332–333.) As such, we concluded that, under the facts of *Cota*, the trial court had jurisdiction to resentence defendant pursuant to section 1172.75, and we affirmed the resentencing order.

As noted by the timeline in *Cota*, although the defendant incorrectly filed his own motion pursuant to section 1172.75, the CDCR identified the defendant as potentially eligible for resentencing before the trial court ruled on the motion. Here, in contrast, Hurtado filed his motion on March 1, 2022, the ex parte order resentencing Hurtado was filed on April 4, 2022, and the CDCR did not identify Hurtado as eligible for resentencing until June 28, 2022. The April 4, 2022, order is therefore void.

### *Remand for Resentencing*

We now turn to the proper remedy for Hurtado. Both parties agree that Hurtado must be resentenced pursuant to section 1172.75. We agree remand for a resentencing hearing pursuant to the procedures set forth in section 1172.75 is the proper remedy in this case.

9.

In *Burgess*, the defendant's conviction became final and he began serving his sentence in 2010. In February 2022, the defendant filed his motion, in propria persona, for resentencing under section 1172.75. The trial court denied the motion, finding section 1172.75 did not allow the defendant to seek such relief on his own motion. The defendant, through appointed counsel, filed an appeal contending the trial court erred in refusing to recall his sentence and resentence him in accord with section 1172.75. The appellate court in *Burgess* agreed that the trial court lacked jurisdiction to adjudicate the defendant's motion for resentencing. (*Burgess*, *supra*, 86 Cal.App.5th at pp. 378–379, 381–382.)

Although there was no dispute in *Burgess* that the one-year section 667.5, subdivision (b) enhancement as to the defendant was invalid under section 1172.75, at the time the *Burgess* opinion was filed on December 15, 2022, the defendant had not yet begun serving the now invalid prison prior enhancement. As such, the court in *Burgess* did not remand his case for resentencing because doing so "at this juncture would undermine the purpose of the staggered statutory deadlines [(§ 1172.75, subd. (c)(1)–(2))] and could allow [the defendant] to obtain relief before others who are currently serving time on legally invalid enhancements." (*Burgess*, *supra*, 86 Cal.App.5th at p. 383.)

Here, however, both deadlines, October 1, 2022, and December 31, 2023 (§ 1172.75, subd. (c)(1)–(2)), have long passed and remand for resentencing at this point would not, as cautioned in *Burgess*, allow Hurtado to "jump the line" ahead of other defendants serving a sentence based on an enhancement that section 1172.75 repeals. (*Burgess*, *supra*, 86 Cal.App.5th at p. 384; § 1172.75, subd. (c)(1)–(2).)

## DISPOSITION

The sentence as modified on April 4, 2022, is void and therefore vacated. The matter is remanded to the trial court to review the judgment and recall and resentence Hurtado pursuant to the procedures set forth in section 1172.75.