Filed 5/28/15

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S212940 |
| v. | ) | |
| | ) | Ct.App. 1/3 A135733 |
| WILLIAM J. FORD, | ) | |
| | ) | Sonoma County |
| Defendant and Appellant. | ) | Super. Ct. No. SCR-530837 |
| _____ | ) | |

Defendant William J. Ford appeals from an order awarding victim restitution.  He contends that the trial court lacked jurisdiction to conduct the April 6, 2012, hearing prescribing the amount of restitution he owed because his term of probation — including the condition of restitution — had expired one week earlier.  For support, defendant relies on Penal Code section 1203.3, subdivision (b)(5), which provides that "[n]othing in this section shall be construed to prohibit the court from modifying the dollar amount of a restitution order pursuant to subdivision (f) of Section 1202.4 at any time *during the term of the probation*." (Italics added.)  The People maintain that the trial court retained jurisdiction to award full restitution in the amount of the victim's loss, even after the term of probation expired.  They rely on Penal Code section 1202.4, subdivision (f), which requires the court to "order full restitution unless it finds compelling and extraordinary reasons for not doing so and states them on the record," and on Penal Code section 1202.46, which provides that "when the economic losses of a

victim cannot be ascertained at the time of sentencing pursuant to subdivision (f) of Section 1202.4, the court shall retain jurisdiction over a person subject to a restitution order for purposes of imposing or modifying restitution until such time as the losses may be determined."

We need not decide whether a trial court retains jurisdiction to modify the amount of restitution once a defendant's term of probation has expired. So long as a court has subject matter jurisdiction — and both parties agree the trial court had it here — then a party seeking or consenting to action beyond the court's power may be estopped from complaining that the resulting action exceeds a court's jurisdiction. (*Simmons v. Ghaderi* (2008) 44 Cal.4th 570, 584.) By agreeing to a continuance of the restitution hearing to a date after his probationary term expired, defendant implied his consent to the court's continued exercise of jurisdiction. He is therefore estopped from challenging it. For this reason, we affirm the judgment of the Court of Appeal.

I. BACKGROUND

In February 2008, defendant severely injured Elaine Jennings in a hit-and-run accident. He was charged with felony hit and run, enhanced for personal infliction of great bodily injury (Veh. Code, § 20001, subd. (a); Pen. Code, §§ 667.5, subd. (c)(8), 1192.7, subd. (c)(8), 12022.7, subd. (a)), and driving while his license was suspended or revoked (Veh. Code, § 14601.1, subd. (a)). On August 21, 2008, defendant pleaded no contest in a negotiated disposition to felony hit and run in exchange for dismissal of the other charges, a grant of probation, and the option to have his conviction reduced to a misdemeanor if he successfully completed probation. The plea agreement provided that he would pay "restitution directly to any victim(s)."

At sentencing on October 9, 2008, defendant was placed on probation for three years, ordered to serve six months in jail, and directed to pay various fines

2

and restitution amounting to $12,465.88 for the victim's medical expenses.  At defendant's request, the court reserved jurisdiction to determine the amount of additional restitution, including lost wages.[1]

On May 7, 2010, the probation office determined the appropriate amount of victim restitution to be $211,000.  Defendant requested a hearing.  The hearing was originally scheduled for September 24, 2010, but was continued many times, sometimes at defendant's explicit request, and always with defendant's consent.  Probation was extended three times, also with defendant's consent.  The final extension was to March 30, 2012.

At the restitution hearing on January 27, 2012, Jennings testified that she had needed considerable time to gather information supporting her claim of lost income, given that she could not have known that such documentation would be required at the time the business was operating.  Based on a full review of her records, she estimated that she had suffered losses of $275,017.  The trial court found that Jennings had made a prima facie case for restitution in the amount of $275,017, and granted the defense request for more time to rebut the justification for that amount.

The restitution hearing was scheduled to resume on March 1, 2012.  Because a defense witness failed to comply with a subpoena, the restitution hearing was continued to March 8 and then to March 27, 2012.  On March 27, the deputy district attorney assigned to the case advised that she was unavailable to proceed that afternoon because she was conducting a preliminary hearing in another courtroom.  Defendant agreed to continue the matter to April 6, 2012.  But

---

[1]     Jennings and her husband owned a catering company.  Her injuries, coupled with the assistance she needed from her husband to perform virtually all of the tasks of daily living, "severely curtailed [their] ability to conduct [their] business for the next several months."

3

on April 6, defense counsel made a special appearance contesting the court's jurisdiction to order additional restitution on the ground that defendant's term of probation had expired one week earlier. After setting a briefing schedule on the jurisdictional issue, the court conducted a hearing on May 17, 2012, at which it determined that jurisdiction existed to order the full amount of restitution. The court then confirmed the restitution amount was $275,017. The court's order of restitution was appealable, as it was made after judgment and affected defendant's substantial rights. (Pen. Code, §§ 1202.4, subd. (f), 1237, subd. (b).)

The Court of Appeal affirmed, noting that its earlier decision in *People v. Bufford* (2007) 146 Cal.App.4th 966 had held that Penal Code sections 1202.4, subdivision (f) and 1202.46 "mean exactly what they say and that the completion of a prison term was irrelevant to the court's ability to exercise jurisdiction. . . . The same reasoning applies here, and the court retained jurisdiction to award additional restitution without regard to the expiration of Ford's probation."

We granted review.

## II. DISCUSSION

Although the term "jurisdiction" is sometimes used as if it had a single meaning, we have long recognized two different ways in which a court may lack jurisdiction. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 (*American Contractors*).) A court lacks jurisdiction in a fundamental sense when it has no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case. (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288.) If a court lacks such " 'fundamental' " jurisdiction, its ruling is void. (*People v. Lara* (2010) 48 Cal.4th 216, 225.) A claim based on a lack of fundamental jurisdiction may be raised for the first time on appeal. (*Ibid.*)

4

Even when a court has fundamental jurisdiction, however, the Constitution, a statute, or relevant case law may constrain the court to act only in a particular manner, or subject to certain limitations. (*Burtnett v. King* (1949) 33 Cal.2d 805, 807; *Abelleira v. District Court of Appeal*, *supra*, 17 Cal.2d at p. 291.) In *American Contractors*, *supra*, 33 Cal.4th 653, 660-662, for example, we explained that a court with fundamental jurisdiction over the parties nonetheless lacked the power to enter a judgment forfeiting a bail bond prior to the end of the period allowed for the surety to make an appearance. When a trial court has fundamental jurisdiction but fails to act in the manner prescribed, it is said to have acted "in excess of its jurisdiction." (*Id*. at p. 661.) Because an ordinary act in excess of jurisdiction does not negate a court's fundamental jurisdiction to hear the matter altogether (2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 285, p. 891), such a ruling is treated as valid until set aside. (*People v. Tindall* (2000) 24 Cal.4th 767, 776, fn. 6.) A party may be precluded from seeking to set aside such a ruling because of waiver, estoppel, or the passage of time. (*Ibid*.)

Given the importance of distinguishing between lack of fundamental jurisdiction and ordinary acts in excess of jurisdiction, California courts have sought to draw the distinction in a variety of settings. (See 2 Witkin, Cal. Procedure, *supra*, Jurisdiction, § 13, pp. 585-588.) As pertinent here — and as defendant concedes — it is well settled that the expiration of a probationary period does not terminate a court's fundamental jurisdiction. (*In re Bakke* (1986) 42 Cal.3d 84, 89 (*Bakke*).) But we need not decide whether expiration of the probationary period rendered the trial court's award of restitution an act in *excess* of jurisdiction. Despite the probationary period's expiration, defendant is estopped from challenging the trial court's jurisdiction to award restitution.

The doctrine of estoppel to contest jurisdiction may apply to " 'a party who seeks or consents to action beyond the court's power as defined by statute or

5

decisional rule' " in the period after probation has terminated. (*Bakke*, *supra*, 42 Cal.3d at p. 89.) Whether the party should be estopped depends on a weighing of equities in the particular case, the effect of estoppel on the functioning of the courts, and considerations of public policy. (*In re Griffin* (1967) 67 Cal.2d 343, 348 (*Griffin*).) In *Griffin*, for example, we held that the habeas corpus petitioner was estopped from challenging an order revoking probation. While the petitioner argued that the order was in excess of jurisdiction, he had himself requested a continuance of the probation revocation hearing to a date beyond the expiration of his probationary term. (*Id.* at pp. 347-349; see *id.* at p. 348 ["[a] litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts' "].)

We reached a similar conclusion in *Bakke*, *supra*, 42 Cal.3d 84. The trial court imposed a jail term as a condition of probation but stayed execution of the jail term pending appeal at the habeas corpus petitioner's request. When the probationary term expired before the appeal could be resolved, the petitioner contended that the trial court lacked jurisdiction to order execution of the jail term. We followed the reasoning of *Griffin* and held that the petitioner was estopped from objecting to the execution of the jail term, despite the fact his probation had already terminated. (*Bakke*, at p. 89; see *People v. Jackson* (2005) 134 Cal.App.4th 929, 932-933 [defendant was estopped from challenging court's jurisdiction to impose a probationary term exceeding the statutory maximum by requesting the extension].)

Defendant in this case did not *seek* the continuance. But estoppel can also apply to a party who merely consents to a continuance to a date beyond the court's ordinary authority to act. (*Bakke*, *supra*, 42 Cal.3d at p. 89.) We have long recognized that a failure to object can constitute implied consent to an act in excess of the court's jurisdiction. (*People v. Toro* (1989) 47 Cal.3d 966, 973

6

[defendant who fails to object to instructions on a lesser related offense "impliedly consents" to the court's jurisdiction to convict him of the uncharged offense]; *Harrington v. Superior Court* (1924) 194 Cal. 185, 188 ["if the court has jurisdiction of the subject matter, . . . a party may voluntarily submit himself to the jurisdiction of the court, or may, *by failing to seasonably object thereto*, waive his right to question jurisdiction" (italics added)]; see generally *Barsamyan v. Appellate Division of Superior Court* (2008) 44 Cal.4th 960, 970 [" 'Implied consent is the failure to object' "].)  We have also held that a probationer's conduct may signify consent to the continuance of a proceeding, even if the continuance extends the proceedings beyond the period during which a statute requires a court to act.  (*Bakke*, at p. 89.)  In the circumstances here, where defendant's own requests played a role in delaying the proceedings and defendant did not object to a continuance of the restitution hearing to a date beyond his probationary term, he can be understood to have consented to the continuance.

Defendant has not shown that an objection to the proposed date would have been futile.  (See *Mundy v. Lenc* (2012) 203 Cal.App.4th 1401, 1406.)  Rather, he had the opportunity to demand a timely hearing, yet failed to do so.  In particular, he could have insisted on such a hearing at the proceeding on March 27, 2012. Once the deputy district attorney in this case announced her unavailability, the hearing could still have gone forward while defendant's probation remained in force, either with another deputy that same day or with the assigned deputy on any of the days remaining before defendant's probation expired three days later. Alternatively, with defendant's consent, the hearing could have been continued to a date beyond the expiration of his probationary term.  By failing to object to the proposed continuance beyond the expiration of the probationary term, defendant effectively signaled his consent to it.  (*People v. Accredited Surety & Casualty Co., Inc.* (2013) 220 Cal.App.4th 1137, 1150 [" 'A party cannot sit idly by and

7

permit action to be taken and later say that it had not consented' "]; see *People v. Ingersoll* (1913) 21 Cal.App. 763, 764.)

Accordingly, we find that defendant's consent to the court's continued exercise of jurisdiction estops him from challenging it here. To hold otherwise would penalize the trial court, the People, and the victim for attempting to accommodate defendant's requests for more documentation. Defendant obtained the benefit of the dismissal of allegations that he personally inflicted great bodily injury and committed a serious and violent felony by entering a no contest plea to felony hit and run and by agreeing to pay restitution to the victim. (*Griffin*, *supra*, 67 Cal.2d at p. 348.) By the time of the hearing scheduled for March 27, 2012, the trial court had already found a prima facie case supporting the amount of restitution requested by the victim. (See *People v. Sy* (2014) 223 Cal.App.4th 44, 63.) The purpose of the continued hearing, as the trial court explained, was to enable the defense to present its rebuttal. Having insisted on the opportunity for rebuttal — and having obtained the benefit of his plea bargain and agreeing to continue the hearing to a date certain to present that rebuttal — defendant cannot be heard to complain that the trial court thereby lost jurisdiction when it set a hearing to consider his rebuttal on the agreed-upon date.

It is true that courts may decline to recognize estoppel in narrow circumstances. Estoppel is not appropriate when allowing a deviation from the law in a particular case would cause confusion in the processing of cases by different litigants or when it would thwart public policy. (*Griffin*, *supra*, 67 Cal.2d at p. 348.) In *People v. Mendez* (1991) 234 Cal.App.3d 1773, for example, the Court of Appeal declined to estop the Attorney General from challenging a stipulation entered into by the district attorney under a significant misapprehension of law, when the stipulation authorized privileges "exceeding those granted by the Legislature or the Governor's pardon, and not available to any other similarly

8

situated person." (*Id*. at p. 1784.) By contrast, recognizing estoppel in these circumstances would not affect the resolution of other cases or raise the prospect of differential treatment. And in *People v. Blakeman* (1959) 170 Cal.App.2d 596, the Court of Appeal declined to estop a defendant probationer from challenging a banishment condition, even though he himself had proposed the banishment, because such a condition was proscribed by the fundamental policy that one political division not be allowed to "dump" undesirable persons on another. (*Id*. at p. 598.) In this case, though, defendant identifies no policy, substantive or procedural, that would preclude estoppel. (*Griffin*, at p. 348.) Instead, estopping defendant from challenging the jurisdiction of the court to make an award of full restitution in these circumstances — under a schedule to which defendant agreed — promotes the proper functioning of the courts, advances the goals of the probation system, and furthers the objective of ensuring victims of crime receive the restitution they are due.

Defendant does not claim that he was prejudiced in any way by a restitution hearing that postdated the end of his probationary term. Nor does he point to any evidence in the record that the People or the victim unreasonably delayed the calculation of restitution. To the contrary: the victim testified that defendant inflicted multiple, severe injuries preventing her and her husband from focusing on their business for a period of months, and that she faced major challenges in reconstructing her records with her accountant even after her recovery, as her attention was "really overtaxed as it is" by her ongoing responsibilities at her business. In this case, the doctrine of estoppel therefore prevents defendant from complaining that the trial court acted in excess of jurisdiction when it fixed the amount of restitution to the victim of his crime after expiration of the probationary term.

### III. Disposition

The judgment of the Court of Appeal is affirmed.

**CUÉLLAR, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**WERDEGAR, J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**KRUGER, J.**

10

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Ford

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 217 Cal.App.4th 1354
**Rehearing Granted**

_____

**Opinion No.** S212940
**Date Filed:** May 28, 2015

_____

**Court:** Superior
**County:** Sonoma
**Judge:** Bradford J. DeMeo

_____

**Counsel:**

Law Offices of Andrian & Gallenson and Jane Gaskell for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Seth K. Schalit, Catherine McBrien, Eric D. Share and Huy T. Luong, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Jane Gaskell
Law Offices of Andrian & Gallenson
1100 Mendocino Avenue
Santa Rosa, CA  95401
(707) 527-9381

Huy T. Luong
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
(415) 703-5941